1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   San Marcos, CA 92069-2988
3  (760) 480-4162
   Fax (760) 480-4170
4
5  Attorney for Plaintiff, KEN BARRETTE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BARRETTE,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, A Washington Corporation; FRIEDA MANDEL, TRUSTEE OF THE FRIEDA MANDEL LIVING TRUST, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: **CV08-03825JFW (Ex)**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

Plaintiff KEN BARRETTE complains of Defendants COSTCO WHOLESALE CORPORATION, A Washington Corporation; FRIEDA MANDEL, TRUSTEE OF THE FRIEDA MANDEL LIVING TRUST, and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**JURISDICTION AND VENUE:**

    **1. Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

2. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

3. Plaintiff is a California resident who suffers from multiple sclerosis. He requires an electric wheelchair for mobility and a full time caregiver to assist him.

4. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the warehouse store located at 1335 S. Bradley Road, Santa Maria, California.

**FACTUAL ALLEGATIONS:**

5. The warehouse store is a facility open to the public, a place of public accommodation, and a business establishment.

6. Plaintiff went to the warehouse store on April 22, 2007, with his wife, daughters and friends to purchase groceries.

7. During Plaintiff's visit, he encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, the accessible parking was not properly configured and not accessible from the front of the vehicle, and Defendants' employee had parked his car in the access aisle of a disabled accessible parking place, thus eliminating a disabled accessible parking space for use by Plaintiff in parking his van, by creating a barrier to its use, and when the Plaintiff complained to Defendants, he was informed that Defendants' employee parks his car in the access aisle.

8. Naturally, plaintiff BARRETTE was frustrated, angry and/or vexed as a result of encountering these conditions, these violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care

or attention, the continued violation of the plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

**9.** Plaintiff would like to return and patronize the Defendants' warehouse store but because of plaintiff's knowledge of the existence of the inaccessible conditions, the plaintiff is unable to use the warehouse store on a "full and equal" basis until the retail store is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' warehouse store.

**I.  FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

**10.** The defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible parking was not properly configured and not accessible from the front of the vehicle, and Defendants' employee had parked his car in the access aisle of a disabled accessible parking place, thus eliminating a disabled accessible parking space for use by Plaintiff in parking his van, by creating a barrier to its use, and when the Plaintiff complained to Defendants, he was informed that Defendants' employee parks his car in the access aisle, is unlawful and has resulted in the defendants' failure to

provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

11. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible parking was not properly configured and not accessible from the front of the vehicle, and Defendants' employee had parked his car in the access aisle of a disabled accessible parking place, thus eliminating a disabled accessible parking space for use by Plaintiff in parking his van, by creating a barrier to its use, and when the Plaintiff complained to Defendants, he was informed that Defendants' employee parks his car in the access aisle, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

12. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act

Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible parking was not properly configured and not accessible from the front of the vehicle, and Defendants' employee had parked his car in the access aisle of a disabled accessible parking place, thus eliminating a disabled accessible parking space for use by Plaintiff in parking his van, by creating a barrier to its use, and when the Plaintiff complained to Defendants, he was informed that Defendants' employee parks his car in the access aisle, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**IV.    FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

13. The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their warehouse store business. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled

1  Persons Act. **Note:** A defendant cannot be held liable for damages under both the
2  Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will
3  make an election at trial depending upon the evidence amassed.
4      **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to
5  42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: June 3, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 3, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

Complaint