Charles A. Valente, SBN 242740
Margaret A. Lavanish
Krasnow Saunders Cornblath, LLP
500 North Dearborn Street, Suite 200
Chicago, Illinois 60654
(312) 755-5700
(312) 755-5720 (Fax)
cvalente@ksc-law.com

John C. Edwards, SBN 74357
2223 Avenida de la Playa, Suite 100
LaJolla, California  92037
(858) 551-4010
(858) 459-2937 (Fax)

Attorneys for Defendants Costco Wholesale Corporation and Frieda Mandel, Trustee of the Frieda Mandel Living Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BARRETTE,<br><br>                    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP., et al.,<br><br>                    Defendants. | Case No. CV08-03825  (JFW)<br><br>COSTCO'S AND MANDEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT<br><br>Date:   April 27, 2009<br>Time:  1:30 p.m.<br>Judge: Hon. John F. Walter |

In this action, Plaintiff seeks a recovery against Defendants Costco Wholesale Corporation and Frieda Mandel, as Trustee of the Frieda Mandel Living Trust, for alleged violations of the ADA, Unruh Civil Rights Act, California Disabled Persons Act, and Americans with Disabilities Act Accessibility Guidelines based on an April 2007 visit to the Costco's Santa Maria, California warehouse.  Because there is no genuine issue of material fact as to (1) whether Plaintiff has standing to complain about an accessible parking space in front of the Costco Tire Shop, (2) whether there was a barrier to Plaintiff's use of an accessible parking space as alleged in the Complaint, and (3) whether the parking configuration at the Santa Maria Costco violates the ADA, Defendants are entitled to judgment as a matter of law.

**UNDISPUTED FACTS**

In his Complaint, Plaintiff alleges that he suffers from multiple sclerosis and requires use of an electric wheelchair. (Statement of Uncontroverted Facts and Conclusions of Law ¶ 1) Costco leases the improved real estate located at 1335 S. Bradley Road in Santa Maria, California, where it operates a warehouse for the sale of goods (the "Warehouse"). (Statement ¶ 2) Frieda Mandel, as Trustee of the Frieda Mandel Living Trust, is Costco's landlord at that location. (Statement ¶ 3) Plaintiff has been shopping at the Warehouse on a weekly or monthly basis since 1990. (Statement ¶ 4) Costco also operates a Tire Shop at the same location. (Statement ¶ 5) Plaintiff prefers to park in the accessible parking space that serves the Tire Shop rather than in the accessible parking spaces that serve the Warehouse. (Statement ¶ 6) However, Plaintiff has never purchased tires at the Tire Shop and did not intend to visit the Tire Shop on the date of the incident alleged in his Complaint; when he visits the Santa Maria Costco, it is always to patronize the Warehouse. (Statement ¶ 7)

Plaintiff alleges that, during an April 22, 2007 visit to the Warehouse: (1) the accessible parking was improperly configured and inaccessible from the front of his vehicle; (2) Defendants' employee had parked his car in the access aisle of an accessible parking space, thus eliminating an accessible space for use by Plaintiff by creating a barrier to its use; and (3) when Plaintiff complained to Defendants, he was informed that Defendants' employee parks his car in the access aisle. (Statement ¶¶ 8-9)

The Warehouse and the Tire Shop each has its own entrance. (Statement ¶ 10) The entrance to the Tire Shop is located approximately 500 feet away and around a corner from the entrance to the Warehouse. (Statement ¶ 10) There is no indoor access between the Tire Shop and Warehouse. (Statement ¶ 11)

There are a number of ADA-compliant disabled parking spaces directly in front of the Warehouse. (Statement ¶ 12) The accessible parking spaces that serve the Warehouse are on the shortest accessible route of travel to the entrance to the Warehouse. (Statement ¶ 13) The accessible parking space that serves of the Tire Shop is not on the shortest accessible route of travel to the entrance to the Warehouse entrance. (Statement ¶ 14)

Plaintiff has admitted that, contrary to the allegations in the Complaint, during his April 22, 2007 visit to the Warehouse: (1) no employee of either Defendant parked his own vehicle in the access aisle of an accessible parking space at the Costco in Santa Maria; (2) no employee of either Defendant parked his or her vehicle in a manner to create a barrier to the use of an accessible parking place at the Costco in Santa Maria; and (3) no employee of either Defendant told Plaintiff that any of Defendants' employees ever parked their vehicles in the access aisle of an accessible parking space at the Costco in Santa Maria. (Statement ¶¶ 15-17, 21-24)

Previously, in 2005, Plaintiff filed another lawsuit against both Defendants in the Superior Court of the State of California in and for the County of Santa Barbara, styled <u>Barrette v. Costco Wholesale Corp., et al.</u>, Case No. 1196073. (Statement ¶ 25)  In the state court lawsuit, Plaintiff raised claims similar to the ones he raises here about prior visits to the Warehouse and the accessible parking space that serves the Tire Shop; the same parking space that was at issue in the state court lawsuit is at issue in this lawsuit. (Statement ¶¶ 26-28)

After a trial to the bench on the merits in Plaintiff's previous lawsuit, which was held on September 19, 2006, the state court held that, "[i]n fact and in law, the physical characteristics and location of Costco's accessible parking space(s) does not constitute a violation of the ADA." (Statement ¶¶ 29-30)  Certain issues decided in the state court lawsuit are now pending on appeal before the California Appellate Court, Second District, and styled <u>Barrette v. Costco Wholesale Corp., et al.</u>, Case No. B202606.  However, Plaintiff did not appeal the trial court's factual and legal findings with respect to the accessible parking at the Warehouse. (Statement ¶¶ 31-32)[1]

No changes were made to the layout of the accessible parking spaces at the Warehouse between trial of the state court case and Plaintiff's visit on April 22, 2007. (Statement ¶ 34)  The same parking configuration Plaintiff complains of in the instant action existed at the time Plaintiff filed his state court lawsuit. (Statement ¶ 35)  Plaintiff has admitted that he was aware of the parking lot configuration issues he complains of here at the time he filed his state court lawsuit, but chose not to raise issues related to the parking lot configuration in the state court lawsuit. (Statement ¶ 36)

---

[1]   Plaintiff's appeal was limited to whether the trial court abused its discretion in calculating an award of attorneys' fees to Plaintiff. (Statement, ¶ 33)

**DEFENDANTS ARE ENTITLED TO ENTRY OF
JUDGMENT IN THEIR FAVOR AS A MATTER OF LAW**

Plaintiff's Complaint contains two groups of allegations: those relating to Plaintiff's April 22, 2007 trip to the Warehouse, and those relating to the configuration of the accessible parking spaces at the Warehouse in general. There is no genuine issue of material fact as to whether Defendants' conduct on April 22, 2007 violated the ADA, Unruh Civil Rights Act, California Disabled Persons Act, or Americans with Disabilities Act Accessibility Guidelines. Nor is there a genuine issue of material fact as to whether the configuration of accessible parking spaces at the Warehouse violates these laws. Defendants are therefore entitled to judgment as a matter of law.

### I.
### PLAINTIFF LACKS STANDING TO COMPLAIN ABOUT THE ACCESSIBLE PARKING SPACE THAT SERVES THE TIRE SHOP

In order to have standing under the ADA (and under the Unruh Act, which requires a violation of the ADA), a plaintiff must have suffered an "'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). Consequently, courts refuse to allow plaintiffs to bring actions based on ADA violations which do not specifically harm that plaintiff. See, e.g., Steger v. Franco, Inc., 223 F.3d 889, 893 (8th Cir. 2000) (disabled plaintiff has no standing to raise architectural barrier which did not relate to plaintiff's disability); Long v. Coast Resorts, Inc., 267 F.3d 918, 924 (9th Cir. 2001) (non-employees had no standing to challenge possible ADA violations in employees-only areas of a facility); Moreno v. G & M Oil Co., 88 F.Supp.2d 1116, 1117 (C.D.Cal. 2000) (disabled plaintiff cannot assert ADA violations that injure others); Harris v. Del Taco, 369 F.Supp.2d 1107, 1113 (C.D.Cal. 2005) (disabled plaintiff cannot complain about ADA violation at location he has no intent to visit).

This case is about accessible parking spaces. The Americans with Disabilities Act Accessibility Guidelines ("ADAAG") establish the ADA requirements for accessible parking spaces. In particular, Section 4.6.2 of the ADAAG provides for the "Location" of accessible parking spaces as follows:

> Accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances.

28 C.F.R. Part 36, Appendix A.

Whether Plaintiff – who shops often at the Warehouse but never at the Tire Shop – has standing to complain about the accessible parking serving the Tire Shop depends on whether Plaintiff is likely to suffer harm to some legally protected interest.

Plaintiff admits that Costco provides accessible parking spaces in front of the Warehouse, and that these spaces are on the shortest route of travel to the entrance to the Warehouse. (Statement ¶¶ 12-13)  However, Plaintiff states that, instead of parking in the accessible parking dedicated to serving the Warehouse, he chooses to park 500 feet away in the accessible parking space that serves the Tire Shop, and that he did so on April 22, 2007. (Statement ¶¶ 6, 10)  Plaintiff also admits that he did not patronize the Tire Shop on April 22, 2007, that he had no intention of patronizing the Tire Shop on that date, and that, in fact, he has never patronized the Tire Shop. (Statement ¶¶ 7)  Because Plaintiff had no intention of visiting the Tire Shop, he does not have standing to complain about the accessible parking space serving the Tire Shop entrance.

While not framed in terms of standing, Harris v. Costco Wholesale Corp., 389 F. Supp.2d 1244 (S.D.Cal. 2005), is instructive on this issue.  In Harris, a disabled individual confined to a wheelchair had shopped at Costco's location in Mission Valley, California.  When he arrived, he found all the designated accessible parking spaces occupied, so he parked in a general parking space.  One basis of his complaint was the lack of an accessible route of travel from the general parking spaces to the Costco entrance.  The federal district court granted summary judgment in favor of Costco, holding that Costco had no obligation to provide an accessible route of travel from its general parking spaces.

While the Harris holding was principally based on Section 4.3.2(1) of the ADAAG, which defines the ADA requirements for accessible paths of travel, those requirements and the Harris holding nonetheless nicely illustrate the general principles underlying the ADA.  Section 4.3.2(1) of the

1  ADAAG requires an accessible route from the accessible parking spaces "to *the accessible building entrance they serve*." ADAAG 4.3.2(1) (emphasis added) (quoted in Harris, 389 F. Supp.2d at 1250). The recognition that accessible parking features "serve" a particular entrance makes good sense in terms of the overall purpose of the ADA – to give disabled customers the shortest feasible means of access. A place of public accommodation has no parking-related obligations beyond providing accessible parking on the shortest access route to its entrance. The ADA does not require a place of public accommodation to provide additional accessible parking in the location of each disabled person's choosing if they choose not to park in designated spaces nearest to the building entrance.

Similarly, here, Defendants met their obligations under ADAAG Section 4.6.2: they provided accessible parking spaces that serve the Costco Warehouse, which are located on the shortest accessible route to the Warehouse entrance, where Plaintiff shopped on April 22, 2007. Neither the ADA nor the other laws Plaintiff cites in his Complaint require Defendants to provide additional accessible parking in the location of Plaintiff's choice should he choose not to park in the designated spaces nearest to the Warehouse entrance. Because he patronized the Warehouse but chose not to park in the ADA - compliant, accessible parking spaces directly in front of it – opting instead for a parking space located approximately 500 feet and around a corner – Plaintiff lacks standing to complain about whether the Costco Tire Shop had an accessible feature – in this case, the accessible parking space.

To further illustrate the point, imagine the same facts as in this case, except that the Tire Shop were owned by another entity, (for example, Goodyear) instead of Costco. Plaintiff is still a Costco member, who shops frequently at the Warehouse, but never at the (Goodyear) Tire Shop. Under well-established standing doctrine, he would have no claim against Goodyear, where he never shops, to complain about the accessible parking space in front of Goodyear. Further, he would have no claim against Costco, which has no responsibility for the Goodyear parking lot. It seems odd that that the validity of his claim should turn on whether the two separate facilities are under common ownership.[2]

---

[2] Of course, if there were customer access from the Tire Shop to the Warehouse, the result may well be different. Presumably, Plaintiff and other disabled individuals have the right to use whatever accessible entrance they like, and if he chose to access the Warehouse by going through the Tire Shop he would have standing to complain about the accessible parking spaces that serve the Tire Shop. This is a moot point, however, since there is no customer access from the Tire Shop to the Warehouse.

## II.
### THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THERE WAS A BARRIER TO PLAINTIFF'S USE OF AN ACCESSIBLE PARKING SPACE AT THE WAREHOUSE ON APRIL 22, 2007

The allegations particular to Plaintiff's April 22, 2007 visit to the Warehouse are: (1) an employee of one of the Defendants parked his vehicle in the access aisle of an accessible parking space; (2) this eliminated an accessible parking space for use by Plaintiff by creating a barrier to its use; and (3) when Plaintiff complained to Defendants, he was told that Defendants' employee parks his car in that access aisle. (Statement ¶ 9)  Plaintiff has since admitted, however, that none of these events occurred. (Statement ¶¶ 21-24)  Because there is no genuine issue of material fact that Plaintiff did not encounter a barrier on April 22, 2007, Defendants are therefore entitled to judgment as a matter of law as to Plaintiff's claims that Defendants' actions on April 22, 2007 at the Santa Maria Costco violated the ADA or related laws.

Costco's First Requests for Admission were served on Plaintiff on November 4, 2008. (Statement ¶¶ 15-16)  Those requests asked Plaintiff to admit that the events he alleges occurred at the Santa Maria Costco on April 22, 2007 in his Complaint actually did *not* occur.  (Statement ¶¶ 21-24) Plaintiff did not respond to the First Requests for Admission (Statement ¶ 17).  Accordingly, the requests are deemed admitted, and, Plaintiff admitted that: (1) no employee of either Defendant parked his/her vehicle in the access aisle of an accessible parking space at the Santa Maria Costco on April 22, 2007; (2) no employee of either Defendant told Plaintiff that any of Defendants' employees ever parked in the access aisle of an accessible parking space at the Costco Warehouse on April 22, 2007; (3) no employee of either Defendant parked his vehicle in a manner to create a barrier to the use of an accessible parking space at the Costco Warehouse on April 22, 2007; and (4) Plaintiff has no evidence to support the allegations in the Complaint that Defendant's employee created a barrier to his use of an accessible parking space. (Statement ¶¶ 21-24); Fed.R.Civ.P. 36(a)(3); see also Asea, Inc. v. Southern Pacific Trans. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states.").

---

(Statement ¶¶ 11)

-7-

There is therefore no genuine issue of material fact that Defendants' supposedly culpable actions did not occur and there was o violation of the ADA and related laws on April 22, 2007. Defendants are entitled to summary judgment on these claims.

## III.
### PLAINTIFF IS PRECLUDED BY THE DOCTRINES OF COLLATERAL ESTOPPEL AND *RES JUDICATA* FROM ASSERTING CLAIMS RELATING TO THE CONFIGURATION OF THE ACCESSIBLE PARKING AT THE WAREHOUSE

**A. Plaintiff Is Collaterally Estopped From Arguing That The Configuration Of The Accessible Parking Spaces At The Warehouse Fails To Comply With the ADA**

Plaintiff also alleges that the accessible parking at the Warehouse was improperly configured and inaccessible from the front of his vehicle. (Statement ¶ 8) Because the state court that heard a prior claim by Plaintiff against Costco and Mandel over the Warehouse regarding its accessible parking expressly found that the accessible parking spaces at the Warehouse comply with the ADA and related guidelines, Plaintiff is precluded from arguing in this lawsuit that the parking configuration at the warehouse is improper, and there is no genuine issue of material fact with respect to this issue.

A federal court must give preclusive effect to a state court judgment when a court of the state from which the judgment was issued would give that judgment preclusive effect. Allen v. McCurry, 449 U.S. 90, 96 (1980). In California, the doctrine of collateral estoppel ─ also known as "issue preclusion" ─ applies to bar subsequent claims regarding the same issue when a final judgment on the merits has been rendered and where the issue is not open to direct attack by appeal. See Vandenberg v. Superior Court, 21 Cal.4th 815, 828, 88 Cal.Rptr.2d 366, 375 (1999); National Union Fire Ins. Co. of Pittsburgh, PA v. Stites Prof. Law Corp., 235 Cal. App. 3d 1718, 1726, 1 Cal.Rptr.2d 570, 574 (1991). Collateral estoppel applies even if the issues decided in the first case bear on different claims raised in a later case. Vandenberg, 21 Cal.4th at 828, 88 Cal.Rptr.2d at 375.

In Plaintiff's prior lawsuit against Costco regarding accessible parking at the Warehouse, the state court ruled in its Factual Findings and Ruling After Court Trial/Statement of Decision after a trial on the merits that, "[i]n fact and in law, the physical characteristics and location of Defendant's accessible parking space(s) does not constitute a violation of the ADA." (Statement ¶¶ 29-30) Plaintiff

admits that no changes were made to the layout of the accessible parking spaces at the Warehouse between trial of the state court case on September 19, 2006 and Plaintiff's April 22, 2007 visit to the Warehouse. (Statement ¶¶ 34-35) Because another court has already ruled that the same accessible parking space configuration was ADA - compliant and nothing has changed in the interim, Defendants are entitled to summary judgment on this issue.[3]

### B. Plaintiff Is Barred By *Res Judicata* From Raising Claims Related To The Configuration Of The Accessible Parking At The Warehouse

Plaintiff is barred by *res judicata* ─ also known as "claim preclusion" ─ from raising claims that he could have, but chose not to, raise in his prior state court lawsuit. In California, it is well-settled that the doctrine of *res judicata* serves as a bar to all causes of action that were litigated or could have been litigated in a prior action. Sutphin v. Speik, 15 Cal.2d 195, 202, 99 P.2d 652, 655 (1940); see also Nevada v. U.S., 463 U.S. 110, 130 (1983).

The accessible parking layout that Plaintiff complains of here is the same layout that existed at the time Plaintiff filed his prior state court action, and Plaintiff admits that no changes were made to the layout of the accessible parking spaces at the Warehouse between trial of the state court case on September 19, 2006 and Plaintiff's April 22, 2007 visit to the Warehouse. (Statement ¶¶ 34-35) Plaintiff also admits that the claims he asserts here related to the physical characteristics of the accessible parking existed at the time he filed his state court lawsuit and that he could have included those claims in his state court complaint, but he simply chose not to. (Statement ¶ 36) Accordingly, *res judicata* bars Plaintiff from asserting these claims in a subsequent lawsuit, and summary judgment should be entered in Defendants' favor on these claims.

### CONCLUSION

Plaintiff lacked standing to complain of the accessible facts of the tire shop, since he never shopped there and did not intend to in the future. Plaintiff has admitted that there is no genuine issue of material fact as to whether Defendants created a barrier to Plaintiff's use of an accessible parking space

---

[3] While Plaintiff appealed the issue of attorneys' fees from the state court case to the California Appellate Court, he did not appeal the court's determination that the configuration of accessible parking spaces at the Costco Warehouse does not violate the ADA. (Statement ¶¶ 31-33) This issue has, therefore, been finally resolved and is not open to direct attack by appeal.

1 at the Santa Maria Costco on April 22, 2007. As a result of the prior California court decision involving the parties, the parties are precluded from proving whether the configuration of accessible parking at the Santa Maria Costco violates the ADA (or related laws) because a California court has already ruled that it does not. Defendants are therefore entitled to entry of summary judgment of dismissal on Plaintiff's claims as a matter of law.

Dated: April 2, 2009

By: /S/ Charles A. Valente
      One of the Attorneys for Costco Wholesale Corporation and Frieda Mandel, Trustee of the Frieda Mandel Living Trust